UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

SEP 15 '25 PM 12:57
RCV'D – USDC FLO SC

Myeisha Lynn Marks, individually and on behalf of her minor child, Shamiar Smith Jr.,
Plaintiff,

v.

Horry County Schools; Horry County School Transportation Department; Clifford "Cliff" Jones, in his official capacity as Superintendent; Charlie D. Brown, in his official capacity as Executive Director of Transportation; and John Doe Bus Driver, in his individual and official capacity,
Defendants.

Civil Action No.: _____

# COMPLAINT

I. Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws and Constitution of the United States, including 42 U.S.C. § 1983 and Title VI of the Civil Rights Act of 1964.
2. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367 because they arise out of the same incident.
3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred in Horry County, South Carolina, within this District.

II. Parties

4. Plaintiff, Myeisha Lynn Marks, is a resident of South Carolina and the mother and legal guardian of minor child Shamiar Smith Jr..
5. Defendant, Horry County Schools, is a public school district and government entity under South Carolina law.
6. Defendant, Horry County School Transportation Department, operates within Horry County Schools and is responsible for bus operations and student safety.
7. Defendant, Clifford "Cliff" Jones, is the Superintendent of Horry County Schools, sued in his official capacity.
8. Defendant, Charlie D. Brown, is the Executive Director of Transportation, sued in his official capacity.

9. Defendant, John Doe Bus Driver, was the employee operating the school bus on December 5, 2024, sued in his individual and official capacity.

## III. Factual Allegations

10. On December 5, 2024, Plaintiff's minor child, Shamiar Smith Jr., was placed on his assigned school bus under the care of Horry County Schools.
11. At his designated stop, a trusted guardian was present to receive him. The bus driver falsely insisted that Shamiar was not on the bus, even after conducting a check.
12. School staff later claimed that Shamiar had been released to a neighbor. When the guardian went to the neighbor's residence, Shamiar was not there.
13. Afterward, staff attempted to justify the driver's failure by claiming Shamiar was lying under a coat. However, when Plaintiff reviewed the bus video, it clearly showed Shamiar sitting upright, leaning against the window, uncovered. This false statement suggests staff attempted to cover up the truth, not expecting Plaintiff to request and review the video.
14. The bus driver ultimately released Shamiar to a complete stranger of a different race who was not an authorized guardian, after confirming she was not related to him, and even asked her to deliver him to the guardian who had already left.
15. This was a direct violation of district transportation policies, which required the child to be returned to the school if an authorized guardian was not present.
16. Plaintiff was only informed—after two weeks of delay and after calling herself—that the driver would not drive that particular bus again, but he was not terminated despite breaking multiple safety policies.
17. As a result of Defendants' actions, Shamiar was placed in danger of abduction, suffered emotional trauma, and Plaintiff endured severe panic, distress, and loss of trust in the school system.

## IV. Causes of Action

Count 1 – Violation of Civil Rights (42 U.S.C. § 1983 – Fourteenth Amendment)
18. Defendants, acting under color of state law, deprived Shamiar Smith Jr. of his constitutional rights to safety and due process by recklessly releasing him to an unauthorized individual and failing to protect him while in government custody.
19. Defendants' actions demonstrated deliberate indifference and reckless disregard for Shamiar's safety.

Count 2 – Title VI of the Civil Rights Act of 1964
20. Plaintiff alleges that the decision to release Shamiar to a stranger of a different race, while denying his presence to his authorized guardian, was influenced by discriminatory practices prohibited under Title VI.
21. Horry County Schools receives federal funding and is therefore subject to Title VI.

Count 3 – Negligence (South Carolina Tort Claims Act)
22. Defendants owed Plaintiff and her child a duty of reasonable care and to follow transportation safety policies.
23. Defendants breached that duty by:

- Failing to deliver Shamiar to his authorized guardian.
- Providing false information about his whereabouts.
- Allowing him to be released to a stranger.
- Misrepresenting the facts of the incident afterward.

24. As a direct and proximate result, Plaintiff and her son suffered emotional distress, trauma, and related damages.

V. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants as follows:

a. Award compensatory damages in an amount to be determined by a jury.
b. Award punitive damages against the individual bus driver for reckless misconduct.
c. Award reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988.
d. Grant injunctive relief requiring Horry County Schools to implement and enforce proper student transportation safety policies, including termination or discipline of employees who violate them.
e. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*[signature]*

Myeisha Lynn Marks
Plaintiff, pro se
Phone: 803-610-1179
Email: ladymm883@gmail.com