IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Myeisha Lynn Marks, individually on behalf of her minor child, SSJ, <br><br>    Plaintiff, <br><br> vs. <br><br> Horry County Schools, Horry County School Transportation Department, Clifford "Cliff" Jones, Charlie D. Brown, John Doe Bus Driver, <br><br>    Defendants. | Case No.: 4:25-cv-12548-JD-TER <br><br><br><br> ORDER |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 12), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) of the District of South Carolina, concerning the initial review of Plaintiff Myeisha Lynn Marks, individually on behalf of her minor child, SSJ's ("Plaintiff"), pro se Complaint.[1] (DE 1.)

A.   Background

The Report sets forth the relevant facts and applicable legal standards, which the Court incorporates herein by reference.

Plaintiff Myeisha Lynn Marks, proceeding pro se and in forma pauperis, filed this action individually and on behalf of her minor child, SSJ, alleging violations of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

42 U.S.C. § 1983 and Title VI, along with related state law claims. (DE 1.) The Complaint arises from allegations that a school bus driver released SSJ to an unauthorized individual, whom Plaintiff describes as a stranger of a different race. Plaintiff asserts federal constitutional claims and alleges negligence under state law.

Upon initial review, the Magistrate Judge issued an Order advising Plaintiff that, as a non-attorney, she may not represent her minor child in federal court and afforded Plaintiff forty-five days to secure counsel if she wished to pursue claims on the child's behalf. (DE 5.) Plaintiff did not retain counsel and did not respond to the Court's Order.

The matter was referred to the Magistrate Judge for pretrial review pursuant to 28 U.S.C. § 636(b), 28 U.S.C. § 1915, and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

B.   Report and Recommendation

The Magistrate Judge issued the Report on November 19, 2025, recommending that this action be dismissed without prejudice and without issuance and service of process. (DE 12.)

The Report concludes that Plaintiff failed to obtain counsel after being given 45 days and, therefore, lacks standing to pursue claims on behalf of the minor child. Because the § 1983 and Title VI claims belong solely to the minor and Plaintiff lacks individual standing, the Report further recommends declining supplemental jurisdiction over the remaining state law negligence claim. (Id.)

C.  Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

D.  Absence of Objections

The Report advised the parties of their right to file specific written objections within the time provided by law. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). No objections have been filed, and the time for doing so has expired.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

E.   Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no error. The Court, therefore, adopts the Report (DE 12) and incorporates it herein by reference.

It is, therefore, ORDERED that this action is DISMISSED WITHOUT PREJUDICE and without issuance and without service of process. The Court declines to exercise supplemental jurisdiction over any remaining state law claims.

IT IS SO ORDERED.

Florence, South Carolina
February 18, 2026

Joseph Dawson, III
United States District Judge

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.